UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMEL DALLUGE,

        Plaintiff,

v.

DEPARTMENT OF CORRECTIONS,

        Defendant.

CASE NO. C10-5077FDB

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENT COMPLAINT

The Court, having reviewed plaintiff's complaint, (Dkt. # 1), and the balance of the record contained herein, does hereby find and ORDER the following:

Plaintiff complains of lack of medical treatment for his stomach. He names only the Department of Corrections as a defendant. He seeks injunctive relief and monetary damages (Dkt. # 1). Because a § 1983 claim must name a person, and not an entity as a defendant, this court orders that defendant amend the complaint to name a proper party by **April 9, 2010**.

A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete defense to the action on its face, the court may dismiss an in forma pauperis complaint before service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 575 (9th Cir. 1987) (*citing* Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)).

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege (l) the conduct complained of was committed by a person acting under color of state law and (2) the conduct

ORDER - 1

deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985), *cert. denied*, 478 U.S. 1020 (1986).

Plaintiff's complaint is deficient because he does not name a person as a defendant.  In Will v. Michigan Dept. of State Police, 491 U.S. 48, 71 (1989), the United States Supreme Court specifically held that state government and branches of state government are not "persons" for the purpose of 42 U.S.C. § 1983.  The Eleventh Amendment to the United States Constitution formed the basis for the court's decision in that case. The Eleventh Amendment prohibits suit for damages against a state in federal court.

Absent a waiver, a state cannot be sued in federal court for damages.  Washington State has not waived immunity or consented to be sued under 42 U.S.C. § 1983 in state or federal court.  Rains v. State of Washington, 100 Wn. 2d 660 (1983).

Accordingly, this court orders the following:

(i)     Plaintiff shall seek to cure these deficiencies by filing an amended complaint by no later than **April 9, 2010**.  If plaintiff fails to cure these deficiencies the court will recommend dismissal of this matter as frivolous.

(ii)    The Clerk is directed to send copies to plaintiff.

DATED this 3rd day of March, 2010.

J. Richard Creatura
United States Magistrate Judge

ORDER - 3